UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGEL ARGUETA-ANARIBA,
                              Petitioner,

              -against-

MONICA RECKTENWALD,
Warden of FCI-Otisville,
                              Respondent.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/04/2014

14 Civ. 7847 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

      Pro se petitioner Angel Argueta-Anariba seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner argues that the Federal Bureau of Prisons (the "Bureau") improperly calculated his good conduct time credit ("GCT"), and that he should be released on November 8, 2014, thirty two days before his scheduled release date of December 10, 2014.  For the following reasons, the petition is denied.

**I.   BACKGROUND**

      The facts are taken from Petitioner's submissions and Respondent's memorandum of law and attached exhibits.

      Petitioner is an inmate at the Federal Correctional Institution in Otisville.  On November 6, 2008, the Superior Court of the District of Columbia sentenced Petitioner to 96 months of imprisonment for aggravated assault while armed in violation of D.C. Code § 22-504.01(a).  Petitioner was given 410 days of credit towards his sentence for time spent in custody from September 23, 2007, until his sentencing.  At various times over the course of his sentence, Petitioner was enrolled in Graduate Equivalency Degree ("GED") classes or English as a Second Language ("ESL") classes, which serve as precursors to GED classes.  For the periods of time

when he attended class, he was given GCT to be taken off his sentence.  At present, Petitioner is to be released on December 10, 2014, with 286 days of GCT.

**II**.     **DISCUSSION**

"[A] prisoner . . . in custody in violation of the Constitution or laws or treaties of the United States" may file a petition for a writ of habeas corpus.  28 U.S.C. § 2241(c)(3).  In particular, an inmate "may bring a § 2241 petition to challenge the legality of disciplinary sanctions, including 'the loss of good time credits.'"  *Houston v. Linaweaver*, No. 14 Civ. 2980, 2014 WL 3610908, at *2 (S.D.N.Y. July 15, 2014) (quoting *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)).

   **A.**     **Administrative Remedies**

Generally, an inmate must exhaust all administrative remedies before filing a § 2241 petition.  *See Carmona*, 243 F.3d at 634.  However, "[a] court can excuse a failure to exhaust administrative remedies 'when such exhaustion would be futile . . . .'"  *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (quoting *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009)).  Respondent concedes that Petitioner "has made diligent efforts to exhaust his claim."  To the extent he has failed to exhaust his administrative remedies, requiring Petitioner to do so would be futile in light of the proximity of his release date.  Accordingly, any failure to exhaust administrative remedies is excused.

   **B.**     **Good Time Credit**

Inmates with sentences of more than one year of imprisonment can earn up to 54 days of GCT per year.  18 U.S.C. § 3624(b)(1).  Pursuant to the Bureau's regulations, if an inmate is "making satisfactory progress" toward earning a GED or equivalent degree, he may be awarded the full 54 days of GCT.  28 C.F.R. § 523.20(c)(1).  However, if the Bureau determines that the

inmate is not making satisfactory progress – including, by withdrawing from the educational program – the inmate is limited to 42 days of GCT per year. *See* 28 C.F.R. § 523.20(c)(2); 28 C.F.R. § 544.73(b)(iii). GCT is also subject to reduction as a result of disciplinary measures. 28 C.F.R. § 523.20(e).

The Bureau's mandatory literacy program requires those inmates who do not have high school diplomas or GEDs to participate in the program "for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first." 28 C.F.R. § 544.70. Failure to complete 240 hours of instructions in the program can result in disciplinary action. *See* 28 C.F.R. § 544.75. Beyond the mandatory program, participation is voluntary, but incentivized by the additional 12 days of GCT earnings contingent upon "making satisfactory progress" per year. *See* 28 C.F.R. § 523.20(c).

An "alien who is subject to a final order of removal, deportation, or exclusion" is exempt from any enrollment requirements and entitled to the statutory maximum of 54 days of GCT per year without regard to participation in any educational programs. 28 C.F.R. § 523.20(d).

Based on the Bureau's calculations, Petitioner earned the maximum of 54 days of GCT each for the 2007-2008 and 2008-2009 years. For 2009-2010, Petitioner earned 14 days of GCT after being penalized 40 days for possessing a weapon. Because Petitioner stopped attending the requisite classes between January 2011 and September 2013, he was eligible for only up to 42 days of GCT per year for that period. He earned the full 42 days for 2010-2011 and 2011-2012. For 2012-2013, he earned 15 days of GCT because he was penalized 27 days for fighting. After he reenrolled in classes on September 7, 2013, Petitioner earned 54 days for 2013. He is expected to receive another 11 days of prorated time for 2014.

### C. Petitioner's Argument

Petitioner appears to advance three arguments for the proposition that he should be awarded the statutory maximum of 54 days of GCT for each year. First, he argues that he is a "D.C. prisoner" and therefore exempt from federal regulatory requirements. Second, he argues that he should be awarded 54 days of GCT because he completed 240 hours of instruction in the Bureau's mandatory literacy program. Third, he argues that he should be considered a deportable alien and therefore exempt from any enrollment requirements. Each argument is rejected.

#### i. D.C. Prisoner

Pursuant to D.C. law, inmates who are convicted of crimes under the D.C. Official Code are "subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed." D.C. Code § 24-101(a). Consequently, Petitioner is subject to all federal statutes and regulations not inconsistent with his 96-month sentence, including the Bureau's regulations governing the calculation of GCT.

#### ii. Completion of 240 Hours of Instruction

Under the applicable regulations, Petitioner is entitled to 42 rather than 54 days of GCT between January 2011 and September 2013 because he stopped attending the required classes. Petitioner correctly asserts that he completed the mandatory 240 hours of class pursuant to 28 C.F.R. § 544.70. However, continuing with his classes was necessary for Petitioner to make "satisfactory progress" as required in the Bureau's regulations. 28 C.F.R. § 544.73(b)(iii).

Petitioner relies on *Snider v. Daniels*, 445 F. Supp. 2d 1233 (D. Or. 2006), to argue that by completing 240 hours of study in the literacy program he was eligible for 54 GCT hours per year. That argument is incorrect. In *Snider*, the Bureau appears to have given the petitioner no

4

GCT credits even though he had completed 240 hours of instructional time. *See* 445 F. Supp. 2d at 1235 (holding that the petitioner "is eligible for good time credits because he completed a single period of 240 hours of functional literacy instruction in compliance with BOP's Program Statement"); *accord Gallegos-Soto v. Adler*, No. 10 Civ. 01037, 2011 WL 2708822, at *5 (E.D. Cal. July 11, 2011); *Martin v. Hogsten*, No. Civ 08-338, 2009 WL 33446, at *4 (E.D. Ky. Jan. 5, 2009). Here, by contrast, Petitioner was awarded the 42 days of GCT he is entitled to for each year that he did not participate in classes.

### iii.  Deportable Alien

Petitioner is not exempt from class enrollment requirements as a deportable alien. A person must be subject to a final order of removal by the Immigration and Customs Enforcement Agency in order to be a deportable alien for purposes of the Bureau's regulations. *See* 28 C.F.R. § 523.20(d); *see also De La Cruz v. Zickefoose*, 450 F. App'x 123, 125 (3d Cir. 2011) (holding that inmate not subject to a final order of removal is not exempt from the enrollment requirements for GCT credit). Petitioner is not subject to a final order of removal. His Sentence Monitoring Computation Data sheet lists his immigration status as "possible deportation." Accordingly, he is not exempt from the enrollment requirements as a deportable alien.

## III.  CONCLUSION

For the reasons above, the Petition for a writ of habeas corpus is DENIED. The Clerk of Court is directed to mail a copy of this Opinion and Order to the pro se Petitioner and to close this case.

SO ORDERED.

Dated: November 4, 2014
       New York, New York

                                            _____
                                            LORNA G. SCHOFIELD
                                            UNITED STATES DISTRICT JUDGE